# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSON, ET AL., <br><br>          Plaintiff, <br> v. <br><br> MILLENNIUM CD PROJECT, LLC, ET AL., <br><br>          Defendants. | Civil No: 03-CV-0074-B(JMA) <br><br> **ORDER GRANTING DEFENDANT VINCENT MOLINA'S PETITION TO CONFIRM ARBITRATION AWARD** |

## I. INTRODUCTION

Before the Court is Defendant Vincent Molina's ("Molina") Petition to Confirm Arbitration Award. (Doc. No. 168.) For the reasons set forth below, the Court **GRANTS** Molina's Petition to Confirm Arbitration Award in favor of Defendant UCPU and against Plaintiffs Johnson, Booth, Fisher, Bethke.

## II. BACKGROUND

On March 11, 2004, this Court issued an order (1) granting Plaintiffs' Motion to Compel Arbitration as to Defendants Millennium CD Project, LLC ("Millennium CD"), United Cerebral Palsy of Utah, Inc. ("UCPU"), and Vincent Molina, former President of Millenium CD; and (2) denying UCPU's motion to stay arbitration. (Doc. No. 138.) The Court also stayed the present action pending the outcome of arbitration. (Doc. No. 147.)

On September 17, 2006, the arbitrator (1) found Defendant UCPU to be the prevailing party; (2) awarded Plaintiffs Johnson, Booth, Fisher, Starr, Bethke, and Lachance "no cause of action"; and (3) awarded UCPU $312,175.00 in costs and fees to be paid by Plaintiffs. (Doc. No. 169, Ex. A at 33 - 35.) Plaintiff Johnson thereafter paid the entire award. (Soden Decl. at ¶ 2.)

Following a telephonic status conference, the Court issued an Order on February 28, 2007, dismissing Defendant UCPU from the present action with prejudice. (Doc. No. 167.)

## III. DISCUSSION

Defendant Molina petitions the Court to confirm the arbitration award. (Doc. No. 168.) The Federal Arbitration Act ("FAA") states in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (West 2007). The Ninth Circuit has held that judicial review of an arbitration award is "both limited and highly deferential," noting that "encouraging alternative dispute resolution outside the courtroom was the principal motivation behind passage of the Federal Arbitration Act." Schoenduve Corp. v. Lucent Techs., Inc. 442 F.3d 727, 730 (9th Cir. 2006).

The United States Supreme Court has held that the FAA venue provisions are "permissive," permitting a motion to confirm an arbitration award "either where the award was made or in any district proper under the general venue statute." <u>Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.</u>, 529 U.S. 193, 195 (2000). Furthermore, "the court with the power to stay the action under [9 U.S.C.] § 3[1] has the further power to confirm any ensuing arbitration award." <u>Id.</u> at 202.

Here, the Court stayed the case pending arbitration and is the proper venue for a motion to confirm arbitration award, since the underlying Action is before this Court. Furthermore, the relevant arbitration agreement between the Parties here states that "[j]udgment may be entered on the arbitrator's award in any court having jurisdiction." (Doc. No. 169, Ex. B.)

In the September 17, 2006, Arbitration Award, the Arbitrator listed as Respondents (1) UCPU; (2) Millenium CD, a "defunct organization" that "did not participate in the arbitration;" and (3) Molina, specifying that "[d]uring the arbitration hearing the Claimants settled their disputes with Respondent Vincent Molina and dismissed him from the arbitration." (Doc. No. 169, Ex. A at 1 - 2.)

The Arbitrator then (1) found Defendant UCPU to be the prevailing party; (2) awarded

---

[1] 9 U.S.C. § 3 (West 2007) states:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

1  Plaintiffs Johnson, Booth, Fisher, Starr, Bethke, and Lachance "no cause of action"; and (3)
2  awarded UCPU $312,175.00 in costs and fees to be paid by Plaintiffs.  (Id. at 33 - 35.)  The
3  Arbitrator does not mention Molina in his discussion of the Arbitration Award.  (Id. at 34 -
4  35.)

5  However, since Plaintiffs settled with Defendant Molina during the course of the
6  arbitration resulting in Molina's dismissal, the Court **FINDS** that Molina was a party to the
7  arbitration and thus **GRANTS** Molina's Petition to Confirm Arbitration Award in favor of
8  UCPU and against Johnson, Booth, Fisher, Starr, Bethke, and Lachance.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Molina's Petition to Confirm Arbitration Award.

**IT IS SO ORDERED**

DATED: May 15, 2007

*[signature]*

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Jan M. Adler
    United States Magistrate Judge

    All Counsel of Record